**JING LIN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General,\* Respondent.**

**No. 08–3820–ag.**

United States Court of Appeals, Second Circuit.

July 20, 2009.

Jim Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Blair T. O'Connor, Assistant Director; John B. Holt, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, B.D. PARKER and DEBRA ANN LIVINGSTON, Circuit Judges.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

## SUMMARY ORDER

Petitioner Jing Lin, a citizen of the People's Republic of China, seeks review of a July 9, 2008 order of the BIA affirming the September 25, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Lin*, No. A98 560 093 (B.I.A. July 9, 2008), *aff'g* No. A98 560 093 (Immig. Ct. N.Y. City, Sept. 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir. 2007).

For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). Thus we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

As a preliminary matter, because Petitioner failed to exhaust her CAT claim, this Court is without jurisdiction to consider it. 8 U.S.C. § 1252(d)(1); *see Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). We dismiss the petition for review to that extent.

As to Petitioner's asylum and withholding of removal claims, we find that the agency's adverse credibility determination was supported by substantial evidence. Petitioner argues that the agency did not appropriately consider the totality of the circumstances; however, the BIA and the IJ explicitly relied on a number of discrepancies to support the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167 ("[A]n IJ may rely on *any* inconsistency or omission ... as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible.") (emphasis in original). As the agency properly found, there were inconsistencies between Petitioner's testimony, her asylum application, and her household registration concerning her residence, and no reasonable fact-finder would have been compelled to accept her explanations for those inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

The agency also did not err in finding portions of Petitioner's testimony implausible. Where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *Id.* Here, the agency reasonably found it implausible that Petitioner's father would continue using the address of the home his family was forced to leave more than two years prior, and no reasonable factfinder would be compelled to accept Petitioner's explanation that the doorman continued to collect their mail at that address. *See Majidi*, 430 F.3d at 80–81. In addition, no reasonable factfinder would

be compelled to conclude that the agency erred in finding it implausible that Petitioner, then eighteen years old and not the legal owner of the home, would have alone negotiated with the government a price for the home that she did not own.

Therefore, the agency properly denied Petitioner's applications for asylum and withholding of removal because the only evidence that Petitioner would be persecuted depended on her credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006) (holding that where the only evidence of a threat to the petitioner's life or freedom depended upon the petitioner's credibility, an adverse credibility determination necessarily precludes success on the claim for asylum or withholding of removal).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.